[Cite as *Third Fed. S. & L. v. McCulloch*, 2012-Ohio-1956.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97525**

# THIRD FEDERAL SAVINGS AND LOAN

PLAINTIFF-APPELLEE

vs.

# CEDRIC MCCULLOCH, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-753811

**BEFORE:**   Sweeney, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 3, 2012

**FOR APPELLANTS**

Cedric McCulloch, Pro Se
Laurie McColloch, Pro Se
2820 Lander Road
Pepper Pike, Ohio 44124


**ATTORNEYS FOR APPELLEE**

Benjamin N. Hoen, Esq.
Jennifer Monty Rieker, Esq.
Weltman, Weinberg & Reis
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**FOR APPELLEE**

RSMPART MMW, INC.
9112 Camp Bowie West, #405
Fort Worth, Texas 76116

JAMES J. SWEENEY, J.:

{¶1} Defendants-appellants, Cedric McCulloch ("McCulloch") and Laurie McCulloch ("Laurie"), appeal following the trial court's orders that granted plaintiff-appellee, Third Federal Savings and Loan's (the "Bank"), motion for summary judgment and that struck McCulloch's counterclaim in this action for foreclosure on a promissory note and mortgage. For the reasons that follow, we affirm.

{¶2} The Bank filed the complaint April 22, 2011. The record indicates that service was perfected on McCulloch and Laurie. On May 18, 2011, McCulloch filed an unconventional responsive pleading captioned "Re: Conditional acceptance for value for proof of claim as to any fraud on the contract, or to an unconscionable contract or to determine a meeting of the minds and/or full disclosure as to the mortgage contract mortgage/account." McCulloch then filed "an amended complaint" on May 31, 2011, which contained the same or similar content as his May 18th response. On July 8, 2011, McCulloch requested default pursuant to the federal rules of civil procedure against the Bank. Laurie did not respond to the Bank's complaint. On August 2, 2011, the Bank moved for summary judgment against McCulloch and requested default judgment against all other defendants.

**{¶3}** The court set the default judgment motion for hearing, which was attended by the Bank and McCulloch. The court gave McCulloch an extension of time to respond to the Bank's motion for summary judgment. Following the hearing, the court granted the Bank's default judgment against all non-answering defendants. Thereafter, Laurie filed a motion in opposition to the court's entry of default judgment against her, which the trial court denied. On September 28, 2011, McCulloch filed a motion in opposition to summary judgment with a jury trial request, which the trial court denied. The same day, McCulloch and Laurie filed a document captioned as a "counterclaim," which the court struck because it was filed without leave. The trial court granted the Bank's motion for summary judgment.

**{¶4}** On October 13, 2011, the magistrate's decision was filed awarding judgment to the Bank on its claims. Defendants did not file any objections to the magistrate's decision that was adopted by the trial court on November 4, 2011.

**{¶5}** McCulloch and Laurie filed a notice of appeal on November 7, 2011 where they allege three errors relating to (1) the court's order that struck McCulloch's counterclaim; (2) the magistrate's decision; and (3) the trial court's summary judgment order.

**{¶6}** The appellant's brief does not comply with App.R. 16 and could be disregarded pursuant to App.R. 12(A)(2) for that reason. The lead brief sets forth no argument and contains different assignments of error than appellant's reply brief. The reply brief very generally argues that the trial court erred by granting summary judgment

to the Bank and asserts a denial of due process premised upon alleged violations of "Title 42 1983, 1985 and 1986." The confusion is compounded by the Bank's reply brief which does not appear to correlate to appellant's brief.

{¶7} In the interest of justice, we have attempted to discern and address the merits of the appeal. Appellant's have raised an argument that the trial court erred by granting judgment to the Bank and also take issue with the court's order that struck the counterclaim.

{¶8} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc*., 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶9} The burden is on the movant to show that no genuine issue of material fact exists. *Id.* Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); Civ.R. 56(C).

Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.

{¶10} An appellate court reviews a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶11} In support of its motion for summary judgment, the Bank submitted evidence of the note and mortgage and an affidavit averring that appellant was in default as well as the amounts that were due and owing.

{¶12} In the appellate brief, appellants do not specifically address the Bank's claims, nor do they point us to any record evidence that would suggest there was a genuine issue of material fact concerning them. Accordingly, appellant's have not demonstrated error with the trial court's order.

{¶13} Further, appellant did not file any objections to the magistrate's decision that entered judgment in the Bank's favor. The trial court adopted the magistrate's decision and the law provides that appellants have waived any error by failing to timely object. *O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274 (8th Dist.), citing *State ex rel. Booher v. Honda of Am. Mfg.*, 88 Ohio St.3d 52, 2000-Ohio-269, 723 N.E.2d 571; *see also*, Civ.R. 53(D)(3)(b)(iv). This is an alternative ground for overruling this appeal.

{¶14} Appellants also argue that the trial court erred by striking the "counterclaim" filed in September 2011. We note that this document was similar in substance to the response McCulloch filed in May 2011. The nature of the document is

difficult to discern. It contains a caption that casts it as a conditional offer, it also contains an salutation to the attorney who signed the Bank's complaint, and it also sets forth 55 "proofs of claim." It does not appear to conform to Civ.R. 8 that requires a counterclaim to contain a claim for relief, a short plain statement of the claim showing that the party is entitled to relief and a demand for judgment. Even if it were construed as a counterclaim, McCulloch did not designate this document as such until September 2011 and he never requested leave of court to file it as required by Civ.R. 13(F).

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR