[Cite as *Wells Fargo Bank, N.A. v. Unknown Heirs of Kovach*, 2012-Ohio-3259.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97662

---

# WELLS FARGO BANK, N.A.

PLAINTIFF-APPELLEE

vs.

# UNKNOWN HEIRS, ETC. OF MARILYN KOVACH, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-746288

**BEFORE:** Sweeney, P.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEY FOR APPELLANT**

John B. Frenden, Esq.
1525 Leader Building
526 Superior Avenue, N.E.
Cleveland, Ohio   44114

**APPELLANT**

Christine Kovach, Esq.
1447 West 110th Street
Cleveland, Ohio   44102

**ATTORNEYS FOR APPELLEE**

Chris E. Manolis, Esq.
Shapiro, Van Ess, Phillips & Barragate
4805 Montgomery Road, Suite 320
Norwood, Ohio   45212

Scott A. King, Esq.
Terry W. Posey, Jr., Esq.
Thompson Hine, L.L.P.
Austin Landing 1
10050 Innovation Drive, Suite 400
Dayton, Ohio   45342

Richard A. Freshwater, Esq.
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio   44114

JAMES J. SWEENEY, P.J.:

{¶1} Defendant-appellant Christine Kovach, et al. ("defendant") appeals the court's adopting the magistrate's decision in favor of the bank in this foreclosure case. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} On August 25, 1998, Marilyn Kovach took a $111,043 mortgage against property located at 5216 Lynd Avenue, in Lyndhurst. On January 19, 2011, plaintiff-appellee Wells Fargo Bank, N.A. ("Wells Fargo"), who was the holder of the note and the mortgage, began foreclosure proceedings because the loan was in default. Kovach was deceased at the time, and the complaint named defendant, Justine and Dawn Kovach, and any unknown heirs, et al., as parties. Defendant was the only party to enter an appearance.

{¶3} On June 6, 2011, Wells Fargo filed a default judgment motion against all parties other than defendant. On August 5, 2011, Wells Fargo filed a summary judgment motion against defendant.

{¶4} On September 22, 2011, the court granted Wells Fargo's summary judgment motion. Also, on September 22, 2011, the magistrate issued a decision granting Wells Fargo's default judgment motion. On September 23, 2011, the magistrate issued a "decision in rem," making specific findings regarding the default and summary judgment motions.

**{¶5}** On October 3, 2011, defendant objected to the magistrate's September 22 and 23 decisions, and objected to "all other orders issued by the magistrate," specifically including those issued on May 13 and 16, and June 22, 2011. On October 17, 2011, defendant filed a brief in support of her objections to the magistrate's decisions; however, this brief made no mention at all of the magistrate's September decisions. Rather it focused only on orders the magistrate issued in February, May, and June of 2011.

**{¶6}** On November 9, 2011, the court overruled defendant's objections and adopted the magistrate's decisions. On January 12, 2012, the court entered judgment in favor of Wells Fargo.

**{¶7}** Defendant appeals and raises seven assignments of error for our review.

> I. The trial court erred to the prejudice of the defendant appellant when it opined that the timely filed 10/03/2011 objection to the magistrate report "combined motion to set aside magistrate's orders of 9/22/11 and objection to magistrate's decision issued on 9/23/11..." listing "all other orders issued by the magistrate as to service" did not also appeal those orders. This would be contrary to the rules of court and deny appellant (ANT) "access to the courts" to review of issues by appellate courts per Ohio and United States Constitution.

**{¶8}** Essentially, defendant argues that the court erred when it found that her objections to orders issued prior to September 2011 were untimely. Pursuant to Civ.R. 53(D)(2)(b), a party may file a motion to set aside a magistrate's order within ten days after the order is filed. Additionally, pursuant to Civ.R. 53(D)(3)(b)(i), a party may file objections to a magistrate's decision within 14 days after the decision is filed. Failure to properly file objections constitutes a waiver of the right to appeal the court's adoption of a magistrate's finding of fact or conclusion of law. Civ.R. 53(D)(3)(b)(vi).

**{¶9}** Therefore, defendant's October 3, 2011 objections to the magistrate's September 22 and 23, 2011 decisions were timely. However, defendant's challenges to prior actions by the magistrate were not filed in a timely manner, and her first assignment of error is overruled.

**{¶10}** Defendant's second and sixth assignments of error state as follows:

II. The trial court erred to the prejudice of the appellant when it granted default and/or summary judgment * * * and did not review the timely defenses/answer to complaint/response to summary judgment striking same because of the alleged title of pleading deficiency.

VI. The trial court erred to the prejudice of the appellant when it struck "defendant Christine Kovach's answer to complaint, filed 9/21/11, is striken [sic] from the record of this case. (Td 9/22/11) On 8/22/11, the court granted in part the defendant's motion for leave to answer plaintiff's motion for summary judgment... submit a brief in opposition to plaintiff's motion for summary judgment... defendant filed a document captioned 'answer to complaint', filed 9/21/11, is ordered stricken from the record of this case" and for the granting of default after striking said response.

**{¶11}** Wells Fargo filed a summary judgment motion on August 5, 2011. The court granted defendant leave to file a brief in opposition to summary judgment by September 21, 2011. However, rather than opppose summary judgment, defendant filed a document titled "Answer to Complaint," in which she challenged the sufficiency and alleged improper service of the complaint. On September 22, 2011, the court struck this document from the record.

**{¶12}** In this document, the only law defendant cited is 50 U.S.C. 501, et seq., also known as the Servicemembers Civil Relief Act, which is irrelevant to the case at hand given there is no allegation or evidence in the record that any of the parties are

members of the U.S. military. *See* Phillips, *The Servicemembers Civil "_____"*

*Act: Giving the Act the "Relief" it Deserves*, 34 U.Dayton L.Rev. 103, 103 (2008)

(describing this legislation as "'the greatest single statutory source of civil-law

protections for American military members and their families'").

{¶13} Under Ohio law, a defendant many amend his or her answer to a

complaint "at any time within twenty-eight days after it is served. Otherwise a party

may amend his pleading only by leave of court or by written consent of the adverse

party." Civ.R. 15(A). Defendant answered the complaint on May 16, 2011; therefore,

defendant's September 21, 2011 answer to the complaint was properly stricken from the

record. Defendant's second and sixth assignments of error are overruled.

{¶14} Defendant's third assignment of error states the following:

> III. The trial court erred to the prejudice of the appellant and abused its
> discretion when it did not allow the appellant to raise jurisdictional defenses
> such as contesting proper service of complaint per Ohio Civil Rules of
> Procedure Rule 4.1, 4.5 and other defenses when appellant made an
> appearance specifically reserving her right to contest service (Td) 5/13/11.
> The trial court further erred by granting a default and/or summary judgment
> 9-22-11 not addressing these defenses violating the appellant's Ohio and
> United States Constitutional rights under the Due Process Clause and the
> Ohio Rules of Court Ohio Civil Rule 8 * * *.

{¶15} Although somewhat unclear from her brief, we assume defendant means

to argue that the court erred by not dismissing the foreclosure action against her for lack

of personal jurisdiction. Pursuant to Civ.R. 4.1, service can be perfected by certified

mail, personally, or residentially. Civ.R. 4.6(D) states that if certified mail service is

returned "unclaimed," a party may request ordinary mail service. "Service shall be

deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." *Id.*

{¶16} In the instant case, the complaint was served on January 28, 2011, via certified mail to defendant at 1447 W. 110th Street in Cleveland. A second attempt at certified service of process was made on March 3, 2011. The first complaint was returned unclaimed on March 7, 2011. The complaint was served via ordinary mail on March 15, 2011 at the same address. Nothing on the court's docket shows that it was returned for failure of delivery.

{¶17} On May 13, 2011, the magistrate issued an order finding the following: "A review of the docket reveals that plaintiff has perfected service on all defendants." This court has held that "there is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." *Rafalski v. Oakes*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (1984). *Rafalski* further held that an uncontradicted affidavit stating that the party never received notice of the complaint qualified as sufficient evidence. *Id.* at 66-67.

{¶18} Defendant's argument is purely procedural in nature. She does not deny residing at 1447 W. 110th Street in Cleveland, and in fact uses that address on all of her court filings and correspondence. More importantly, defendant does not allege that she never received notice of the foreclosure complaint, which is, of course, the substance of

this lawsuit. In short, defendant failed to overcome the presumption of proper service, and her third assignment of error is overruled.

{¶19} Defendant's fourth assignment of error states as follows:

IV. The trial court erred in granting summary judgment and or default [sic] because appellee failed to present evidence that the amount claimed due and owing was correct violating the appellants [sic] due process rights under the Ohio and United States Constitution, Fifth Amendment applicable to appellant via the 14th amendment.

{¶20} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

*Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.

If the party moving for summary judgment satisfies this burden,
the nonmoving party has a reciprocal burden outlined in * * * Civ.R. 56(E), which provides that: " When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*Dresher*, 75 Ohio St.3d at 293.

{¶21} Pursuant to Civ.R. 56(C), the only evidence that may be considered by a trial court ruling on a summary judgment motion is "the pleadings, depositions, answers to interrogatories, written admissions, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *."

{¶22} In the instant case, Wells Fargo's summary judgment motion is substantively unchallenged, both at the trial court level and on appeal. It is unclear what defendant is arguing under this assignment of error, but what is clear is that, as the party adverse to summary judgment, her argument is not supported by affidavit or other evidence in the record, and it does not set forth specific facts showing a genuine issue for trial.

{¶23} The court's January 12, 2012 journal entry found from the evidence in the record "that there is due the Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $69,017.78 plus interest thereon at the rate of 7.25% per annum from July 1, 2010," in addition to certain taxes and insurance premiums. Upon review, we find evidence attached to Wells Fargo's summary judgment motion that includes signed copies of the note, signed copies of the mortgage documents, and affidavits of personal knowledge attesting to the default. There is nothing in the record to contradict this evidence, and we cannot say that the court erred by granting Wells Fargo's summary judgment motion. Defendant's fourth assignment of error is overruled.

{¶24} Defendant's fifth assignment of error states as follows:

V.   The trial court erred to the prejudice of the appellant for not dismissing the case for not [sic] filing their response outside the 20 day time limit set by the trial court without asking for leave * * * and later granting the appellee a default judgment and/or motion for summary judgment against appellant (Td 9/22/11) when response had been filed.

{¶25} On May 13, 2011, the magistrate ordered Wells Fargo to file any dispositive motions within 20 days, further stating that "failure to comply will result in dismissal of the case without prejudice."   On June 6, 2011 — four days after the June 2, 2011 deadline — Wells Fargo filed a default judgment motion against all parties other than defendant.

{¶26}   Despite that, Wells Fargo did not move for default judgment against her. On June 10, 2011, defendant filed a motion to dismiss the complaint based on the untimeliness of Wells Fargo's default judgment motion.   The court denied defendant's motion to dismiss on June 22, 2011, stating that "the court does not find plaintiff's failure to strictly comply with the court's 5/13/11 dispositive motion order to be so substantial to warrant dismissal of the case.   Courts generally prefer to resolve cases on their merits, rather than on procedural default."

{¶27}   Trial courts have the inherent power to manage their own dockets. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23.   Assuming, for argument's sake, that defendant had standing to challenge Wells Fargo's motion for default judgment against against other parties, it would have been proper to file a motion to strike.   Nonetheless, it was within the court's discretion to find that

Wells Fargo substantially complied with the court's flexible deadline. Defendant's fifth assignment of error is overruled.

**{¶28}** Defendant's seventh and final assignment of error states the following:

> VII.   The trial court erred to the prejudice of the defendant-appellant when it did not dismiss plaintiff-appellee['s] complaint * * * for non-compliance to with [sic] Ohio Rules of Court upon filing for not attaching alleged note and payoff balance/amount due and not being in compliance with federal law in re service member Civil Relief Act 50 USC Sec. 501-596, (SRCP) as amended 12-19-2003 and other jurisdictional defenses and/or granted default or summary judgment to plaintiff-appellee 5/16/11 and 9/22/2011.

**{¶29}**   As discussed in our analysis of defendant's fourth assignment of error, Wells Fargo did attach a copy of the note and the payoff balance to the complaint in this case.   Furthermore, as stated in our analysis of the second assignment of error, 50 U.S.C. 501 et seq., is unrelated to the evidence the parties have presented in this foreclosure case.

**{¶30}**   Accordingly, we find no error in the court's judgment and defendant's seventh assignment of error is overruled.

**{¶31}**   Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR