[Cite as *U.S. Bank Natl. Assn. v. Turner*, 2012-Ohio-4592.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97935**

## U.S. BANK NATIONAL ASSOCIATION

PLAINTIFF-APPELLEE

vs.

## ROBERT L. TURNER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-751493

**BEFORE:** Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**FOR APPELLANTS**

Robert L. Turner, pro se
LaTanya Turner a.k.a. LaTanya Harris
23464 Rushmore Drive
Richmond Heights, Ohio 44143


**ATTORNEYS FOR APPELLEE**

Manbir S. Sandhu
The Law Office of Manbir S. Sandhu LLC
1370 Ontario Street, Suite 600
Cleveland, Ohio 44113

Gilbert E. Blomgren
Blomgren & Bobka Co., LPA
1370 Ontario Street
Suite 600
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Appellants, Robert and Latanya Turner ("the Turners"), appeal from the trial court's judgment granting U.S. Bank National Association's ("U.S. Bank") motion for summary judgment. We affirm.

## I. Procedural History and Facts

{¶2} On March 24, 2005, the Turners executed a promissory note for $195,600 ("the note") secured by a mortgage on property located at 23464 Rushmore Drive, in Richmond Heights, Ohio ("the mortgage"), with Option One Mortgage Corporation ("Option One"). On March 9, 2011, Option One, then known as Sand Canyon Corporation transferred the note and mortgage to U.S. Bank, as Trustee for J.P. Morgan Acquisition Corp. 2005-OPTI, Asset Backed Pass-Through Certificates Series 2005-OPTI. The Turners defaulted on the note.

{¶3} On March 21, 2011, U.S. Bank filed a complaint in foreclosure. After the Turners filed their answer, U.S. Bank filed motions for summary judgment and default judgment. On June 9, 2011, the trial court denied the motions because U.S. Bank had failed to name all necessary parties, specifically, Sand Canyon Corporation, the successor to Option One.

{¶4} On June 15, 2011, U.S. Bank filed an amended complaint naming Sand Canyon Corporation as a defendant. Thereafter, the Turners filed an answer to the amended complaint. On August 23, 2011, U.S. Bank filed its motion for summary judgment on the amended complaint. Attached to the motion were signed copies of the

note, signed copies of the mortgage documents, and a copy of the Turners' payment history, which revealed that they made their last payment in October 2010.

{¶5} In addition, an affidavit in support of the motion for summary judgment from Joseph Kaminiski of American Home Servicing Inc., the servicing agent for U.S. Bank, was attached. Kaminiski averred that he had personal knowledge of the facts contained in the affidavit.

{¶6} Specifically and in pertinent part, Kaminiski averred that U.S. Bank is the owner and holder of the note and mortgage, that the Turners are in default for failure to pay the amount due for November 1, 2010, as well as all subsequent payments, and that U.S. Bank had elected to accelerate the entire balance due. Further, Kaminiski averred that the Turners owed a principal balance of $118,246.18, with interest at the rate of 2 percent per annum from October 1, 2010, as well as advances for taxes and insurance.

{¶7} On November 21, 2011, without any opposition by the Turners, the magistrate filed a decision rendering summary judgment in favor of U.S. Bank. On November 30, 2011, the Turners filed their objections to the magistrate's decision. On January 3, 2012, U.S. Bank filed a brief in opposition to the Turners' objections.

{¶8} On January 11, 2012, the trial court overruled the Turners' objections and adopted the magistrate's decision granting summary judgment in favor of U.S. Bank. The Turners now appeal.

## II. Law and Analysis

{¶9} In the sole assignment of error, the Turners argue the trial court erred by granting summary judgment in U.S. Bank's favor.

{¶10} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.

{¶11} If the party moving for summary judgment satisfies this burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E), which provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response,  by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Dresher*, 75 Ohio St.3d at 293.

{¶12} In the instant case, U.S. Bank's summary judgment motion is substantively unchallenged, both at the trial court level and on appeal. It is unclear what the Turners are arguing under this assignment of error, but what is clear is that, as the party adverse to

summary judgment, their argument is not supported by affidavit or other evidence in the record, and it does not set forth specific facts showing a genuine issue for trial.

{¶13} The trial court's January 11, 2012 journal entry found from the evidence in the record that there is due to U.S. Bank, on the promissory note and mortgage, the sum of $118,246.18 plus interest thereon at the rate of 2 percent per annum from October 1, 2010. Upon review, we find evidence attached to U.S. Bank's summary judgment motion that includes signed copies of the note, signed copies of the mortgage documents, the Turners' payment history, and affidavits of personal knowledge attesting to the default.

{¶14} Thus, U.S. Bank has satisfied the historic prerequisites for a party seeking to foreclose a mortgage, namely: execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due. *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435. *See also Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Nos. 8-10-14 and 8-11-16, 2012-Ohio-876; *CitiMortgage v. Arnold*, 9th Dist. No. 25186, 2011-Ohio-1350. There is nothing in the record to contradict this evidence. As such, the trial court did not err by granting U.S. Bank's summary judgment motion.

{¶15} Nonetheless, although the Turners have not disputed that they were in default on the note and mortgage, they question Option One's successor, Sand Canyon's, ability to assign its interest to U.S. Bank. As such, the Turners essentially argue that U.S. Bank was not the real party in interest.

**{¶16}** It is well established that the current holder of the note and mortgage is the real party in interest in a foreclosure action. *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874. Where a party fails to establish itself as the current holder of the note and mortgage, summary judgment is inappropriate. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. No. 91802, 2010-Ohio-236, citing *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 2001-Ohio-2271, 767 N.E.2d 1206 (3d Dist.).

**{¶17}** In the present case, we find that U.S. Bank provided evidence to demonstrate that it was the current holder and owner of the note and mortgage at the time the complaint was filed. U.S. Bank attached a copy of a duly executed assignment demonstrating that all interest in the mortgage of the subject property had been assigned to it effective March 9, 2011. The assignment was duly recorded in the Cuyahoga County Recorder's Office on March 22, 2011.

**{¶18}** Here, the record indicates that U.S. Bank filed the foreclosure complaint on March 21, 2011, after all interest in the note and mortgage had been duly assigned to the company. Although U.S. Bank did not record the assignment until the day after the complaint was filed, this is not fatal. U.S. Bank was still the real party in interest because all interest in the note and mortgage had been assigned to it prior to the filing of the complaint. *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886. Consequently, as the real party in interest, U.S. Bank could properly bring the instant foreclosure action. *Id.*

**{¶19}** We conclude, on the evidence before us, that there are no genuine issues of material fact. As such, the trial court did not err because U.S. Bank was entitled to summary judgment as a matter of law. Consequently, the Turners' sole assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR