[Cite as *Huntington Natl. Bank v. Blount*, 2013-Ohio-3128.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98514**

## HUNTINGTON NATIONAL BANK

PLAINTIFF-APPELLEE

vs.

## IDA M. BLOUNT, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-653194

**BEFORE:** Rocco, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Gregory J. Moore
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

Matthew G. Burg
Robert H. Young
Weltman, Weinberg & Reis Co.
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Ida Blount ("Ida") appeals from the decision of the trial court granting summary judgment in favor of plaintiff-appellee Huntington National Bank ("Huntington") in this action for foreclosure on a mortgage. For the reasons that follow, we affirm.

**{¶2}** On December 18, 2001, Ida's then-husband, Willie Blount Jr. ("Willie"), obtained a $40,000 personal line of credit from Huntington. The line of credit was secured by an open-end mortgage on real property located at 7215 Raynham Drive in Oakwood Village, Ohio (the "Raynham Drive property"), which was, at the time, Willie and Ida's residence. Ida was not a party to the line of credit agreement. However, both she and Willie executed the open-end mortgage securing the line of credit agreement. The mortgage was executed on December 18, 2001, and recorded on January 9, 2002. The mortgage references the line of credit agreement and provides that if a default occurs under the line of credit agreement, the bank may declare all amounts secured by the mortgage to be immediately due and payable and may foreclose on the mortgage.

**{¶3}** Willie and Ida divorced in March 2007. Pursuant to an agreement reached during the divorce proceedings, Willie quit-claimed his interest in the Raynham Drive property to Ida. The quit claim deed was recorded on March 12, 2007. Despite the outstanding mortgage in favor of Huntington, both parties represented that there were no liens or encumbrances on the Raynham Drive property during the divorce proceedings. A few months later, Willie filed for bankruptcy. Willie's obligation under the line of

credit agreement was discharged in bankruptcy on January 11, 2008.

{¶4} On March 7, 2008, Huntington filed a complaint for foreclosure in rem against Ida and the unknown spouse of Ida, claiming that a default had occurred under the line of credit agreement and seeking to foreclose on the mortgage on the Raynham Drive property that secured payment. On May 15, 2008, Ida filed an answer, generally denying the allegations in the complaint and asserting various alleged affirmative defenses.

{¶5} On July 31, 2008, Huntington filed a motion for summary judgment and a motion for default judgment against any unknown spouse of Ida. In support of its motion for summary judgment, Huntington submitted an affidavit from Huntington employee Kevin Bryant, the custodian of records for the line of credit agreement and mortgage at issue. In his affidavit, Bryant authenticated the line of credit agreement and mortgage that had been attached to Huntington's complaint. He indicated that required payments had not been made under the line of credit agreement and that, pursuant to the terms of the agreement, the balance due had been accelerated. He also identified the principal balance owed.

{¶6} On September 30, 2008, Ida filed an amended answer, counterclaim, and third-party complaint, alleging that Huntington or Willie had engaged in fraud or other misconduct in connection with the mortgage at issue, along with a "preliminary memorandum in opposition to the plaintiff's motion for summary judgment." In an affidavit that accompanied her filings, Ida asserted that she did not intend to mortgage her

interest in the Raynham Drive property to secure Willie's line of credit. She claimed that Willie or Huntington had told her that the real property securing the line of credit agreement was a piece of commercial property the couple owned located at 12308 Saywell Avenue (also known as 1001-1003 East 123rd Street) in Cleveland, Ohio (the "commercial property"). Ida further claimed that the "original paperwork" she saw and executed indicated that "the real property which was being utilized to secure the transaction" was the commercial property and that someone must have switched the legal description of the mortgaged property from the commercial property to the Raynham Drive property after she executed the mortgage. On August 14, 2009, Ida filed a "supplement to her memorandum in opposition to plaintiff's motion for summary judgment" based on these allegations. In its reply, Huntington argued that Ida had failed to present evidence demonstrating the existence of any genuine issue of material fact with respect to Huntington's claims.

{¶7} On April 24, 2012, the magistrate issued his decision. After considering the arguments and evidence submitted by the parties, the magistrate determined that there were no genuine issues of material fact and that, based on the undisputed material facts, Huntington was entitled to foreclosure of the Raynham Drive property and judgment in its favor as a matter of law. Ida did not file any objections to the magistrate's decision. On May 16, 2012, the trial court adopted the magistrate's decision, granting Huntington summary judgment on its claims and ordering foreclosure on the Raynham Drive property. A default judgment was also entered against any unknown spouse of Ida.

{¶8} Ida appealed the trial court's judgment, raising three assignments of error. In her first and second assignments of error, Ida argues that Huntington failed to present sufficient evidence establishing its right to foreclose on the Raynham Drive property and that her allegations that Willie or Huntington defrauded her into mortgaging her interest in the Raynham Drive property created genuine issues of material fact that should have precluded summary judgment on Huntington's claims. In addition, Ida contends that Huntington failed to establish that it had standing to foreclose on the mortgage and that the trial court should have denied Huntington's motion for summary judgment because Huntington failed to provide an accounting of the amount it claimed it was owed under the line of credit agreement. In her third assignment of error, Ida contends that the trial court's judgment in favor of Huntington was against the manifest weight of the evidence.

{¶9} Ida's three assignments of error state:

ASSIGNMENT OF ERROR NUMBER ONE
The Trial Court Erred And/Or Abused Its Discretion By Granting The Appellee's Motion For Summary Judgment.

ASSIGNMENT OF ERROR NUMBER TWO
The Trial Court Erred And/Or Abused Its Discretion By Granting The Appellee's Motion For Summary Judgment When There Are Genuine Issues Of Material Fact Which Remain To Be Litigated.

ASSIGNMENT OF ERROR NUMBER THREE
The Trial Court's Judgment Is Against The Manifest Weight of the Evidence.

{¶10} Typically, an appellate court reviews a trial court's decision granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671

N.E.2d 241 (1996). In this case, however, Ida failed to object to the magistrate's decision granting Huntington's motion for summary judgment. Accordingly, Ida has waived all but plain error. *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. No. 98197, 2012-Ohio-4295, ¶ 12; *see also Naple v. Bednarik*, 7th Dist. No. 11 MA 121, 2012-Ohio-5881, ¶ 34 ("One cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision"), quoting *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶ 88 (7th Dist.); *Third Fed. S. & L. v. McCulloch*, 8th Dist. No. 97525, 2012-Ohio-1956, ¶ 13 (where mortgagors did not file objections to magistrate's decision granting summary judgment in favor of mortgagee bank, mortgagors "waived any error by failing to timely object" when trial court thereafter adopted magistrate's decision).

{¶11} Civ.R. 53 imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *Hameed v. Rhoades*, 8th Dist. No. 94267, 2010-Ohio-4894, ¶ 14. Civ.R. 53(D)(3)(b)(iv) provides:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶12} When applying the plain error doctrine in the civil context, the Ohio Supreme Court has stated that reviewing courts "must proceed with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The doctrine is limited to those "extremely rare cases" in which "exceptional circumstances require its application

to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Id.*

{¶13} This is not that case. Ida has not claimed plain error, and upon review of the record, we find none here. Further, even considering the merits, we find no error in the trial court's entry of summary judgment in this case.

{¶14} In her first and second assignments of error, Ida argues that the trial court erred in granting Huntington's motion for summary judgment because Huntington failed to present sufficient evidence establishing its right to foreclose on the Raynham Drive property. Specifically, Ida argues that the evidence submitted by Huntington in support of its motion for summary judgment did not comply with Civ.R. 56(C) and (E) and, therefore, should not have been considered by the trial court in ruling on summary judgment. In addition, Ida contends that her allegations that Willie or Huntington fraudulently switched the property descriptions on the mortgage — from the commercial property to the Raynham Drive property — after she signed the mortgage created a genuine issue of material fact that should have precluded summary judgment on Huntington's claims. We disagree.

{¶15} Under Civ.R. 56, summary judgment is appropriate where it appears that (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, which is

adverse to the nonmoving party.

{¶16} The moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶17} Ida contends that the affidavit of Kevin Bryant, which Huntington submitted in support of its summary judgment motion, fails to show that he has personal knowledge of the information contained in his affidavit and, therefore, did not comply with Civ.R. 56(E). She further contends that the other "purported evidentiary materials" Huntington submitted in support of its motion for summary judgment were "not authenticated, certified, verified or properly before the trial court" and should not have been considered by the trial court in ruling on the motion.

{¶18} Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of a motion for summary judgment. "If a document does not fall within one of the categories of evidence listed in Civ.R. 56(C), it can only be introduced as proper evidentiary material when it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Lebron v. A&A Safety, Inc.*, 8th Dist. No. 96976, 2012-Ohio-1637, ¶ 8, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (8th Dist.1986).

**{¶19}** Civ.R. 56(E) governs the form of affidavits submitted in support of a summary judgment motion. Civ.R.56(E) provides, in relevant part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * *

**{¶20}** Bryant's affidavit indicates that he is a Huntington employee, that his job duties include "the supervision and servicing of the loan" at issue, that he has personal knowledge of the loan, and that he is the records custodian of the records relating to the mortgage and line of credit agreement at issue. Accordingly, Bryant's affidavit complies with Civ.R. 56(E). *See, e.g., Household Realty Corp. v. Henes*, 8th Dist. No. 85916, 2007-Ohio-5846, ¶ 12-13 ("Where the affiant avers that he or she has personal knowledge of the transaction this fact cannot be disputed absent evidence to the contrary"); *see also U.S. Bank N.A. v. Wilkens,* 8th Dist. No. 96617, 2012-Ohio-1038, ¶ 46 ("'[A] witness providing the foundation [for a recorded business activity] need not have firsthand knowledge of the transaction'"), quoting *Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313,¶ 18; *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14 ("Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated").

**{¶21}** The affidavit also authenticates, by reference, the line of credit agreement and mortgage that were attached to Huntington's complaint. The Bryant affidavit, line of credit agreement, and mortgage were, therefore, proper summary judgment evidence pursuant to Civ.R. 56.

**{¶22}** The "historic prerequisites" for a party seeking to foreclose a mortgage are: "execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *United States Bank Natl. Assn. v. Turner*, 8th Dist. No. 97935, 2012-Ohio-4592, ¶ 12-14, citing *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435.

**{¶23}** The evidence Huntington submitted in support of its motion for summary judgment included signed copies of the line of credit agreement and mortgage, both identifying the Raynham Drive property as security for the line of credit, and an affidavit from a records custodian with personal knowledge of the transaction, authenticating the documents at issue, establishing that the mortgage was properly recorded and that the line of credit agreement was in default, and identifying the amount owed. Huntington, therefore, met its initial burden under Civ.R. 56, establishing its right to foreclose on the mortgage on the Raynham Drive property. *See, e.g., Wells Fargo Bank, N.A. v. Unknown Heirs*, 8th Dist. No. 97662, 2012-Ohio-3259, ¶ 23; *Third Fed. S. & L.*, 8th Dist. No. 97525, 2012-Ohio-1956 at ¶ 11-12.

**{¶24}** There is nothing in the record contradicting this evidence. Once a plaintiff has met its burden of establishing that there is no genuine issue of material fact for trial, a

defendant may not rest upon mere allegations or denials in the pleadings but must present evidence of specific facts demonstrating a genuine issue of material fact for trial. Ida did not meet her burden in this case.

{¶25} In her opposition to Huntington's motion for summary judgment, Ida did not dispute that the line of credit agreement was in default, that Huntington had a right to accelerate the amount due upon default, or that under the terms of the mortgage and line of credit agreement, Huntington had a right to foreclose on the mortgaged property based on the default. Instead of challenging the facts establishing Huntington's right to foreclose on the mortgaged property, Ida sought to invalidate the mortgage based on her claim that the property description in the mortgage was "fraudulently or improperly" switched after she executed it. Ida argues that the trial court "failed to realize that there are claims set forth by Ida * * * which directly dispute the validity of Huntington's claims and the very instrument upon which it relies to support its Complaint." Once again, we disagree.

{¶26} The record reflects that the trial court considered all of the pleadings, including Ida's amended answer, counterclaim, and third-party complaint, and the parties' submissions on summary judgment prior to entering summary judgment in favor of Huntington. The mere fact that Ida asserted various claims and defenses in her pleadings does not preclude summary judgment. To avoid summary judgment, Ida needed to come forward with evidence of specific facts demonstrating a genuine issue of material fact for trial. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 464,

2008-Ohio-87, 880 N.E.2d 88; *see also Plymouth Park Tax Servs. v. Sayler*, 8th Dist. No. 93174, 2010-Ohio-675, ¶ 12 (rejecting claim that summary judgment was improper in foreclosure action based on fact that defendants raised affirmative defenses in their answer where defendants did not set forth specific facts in opposing summary judgment demonstrating a genuine issue of material fact).   She did not do so.

{¶27} A facially valid mortgage bears a strong presumption of validity.   *Zaptocky v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024-1025 (6th Cir.2001), citing *Coshocton Natl. Bank v. Hagans*, 40 Ohio App. 190, 178 N.E. 330 (5th Dist.1931), paragraph two of the syllabus ("[m]ortgage apparently duly executed and recorded is presumably valid").   In this case, Ida does not dispute that her signature appears on the mortgage at issue or that she executed the mortgage on December 18, 2001, as the document indicates.   Likewise, she does not dispute that the mortgage, on its face, mortgages the Raynham Drive property or that the line of credit agreement specifically states that it is to be secured by a mortgage on the Raynham Drive property.    Rather, Ida contends that, regardless of what the documents say, Huntington did not have a right to foreclose on the Raynham Drive property because she did not intend to mortgage her interest in that property to secure Willie's line of credit and that someone, therefore, must have switched the property descriptions after she executed the mortgage.

{¶28} The only evidence Ida has offered in support of her "fraudulent switch" theory is her own conclusory affidavit.   Ida's affidavit states, in relevant part:

4.      AFFIANT states further that at all times relevant to the transaction referred to in the Plaintiff's Complaint, the Plaintiff and/or Willie Blount, Jr. and/or other

individual [sic] and entities unknown to the Affiant represented to Affiant that the real property which was being utilized to secure the transaction was the commercial property located at 12308 Saywell Avenue, Cleveland, Ohio and as 1001-1003 East 123rd Street, Cleveland, Ohio.

5. AFFIANT states further that the original paperwork which she personally saw and executed indicated that the real property which was being utilized to secure the transaction referred to in the Plaintiff's Complaint was the commercial property located at 12308 Saywell Avenue, Cleveland, Ohio and as 1001-1003 East 123rd Street, Cleveland, Ohio. * * *

6. AFFIANT states further that she reasonably relied upon the representations made by the Plaintiff, Willie Blount, Jr. and/or other individuals or entities not known by the Affiant, that the real property which was being utilized to secure the transaction was the commercial property located at 12308 Saywell Avenue, Cleveland, Ohio and as 1001-1003 East 123rd Street, Cleveland, Ohio when entering into the transaction referred to in the Plaintiff's Complaint.

7. AFFIANT states further the Plaintiff and/or Willie Blount, Jr. and/or other individual [sic] and entities unknown to the Affiant engaged in actions unknown to Affiant, including but not limited to, attaching a legal description to an Open-End Mortgage, fraudulently and improperly indicating that the transaction would be secured by the real property located at 7215 Raynham Drive, Oakwood Village, Ohio 44146, without the knowledge and/or consent, express or implied of Ida Blount.

8. AFFIANT states further that she did not provide any consent express or implied to the Plaintiff or Willie Blount, Jr. or any other individual or entity, to utilize the real property located at 7215 Raynham Drive, Oakwood Village, Ohio 44146, to secure the transaction referred to in the Plaintiff's Complaint.

9. AFFIANT states further that she was deceived by the actions and representations of the Plaintiff and/or Willie Blount, Jr. and/or other individuals and entities unknown to the Affiant who were involved in the transaction referred to in the Plaintiff's Complaint.

10. AFFIANT states further that had the Plaintiff and/or Willie Blount, Jr. and/or other individuals and entities unknown to the Affiant, informed and represented to the Affiant that the transaction referred to in Plaintiff's Complaint would be secured by the real property located at 7215 Raynham Drive, Oakwood

Village, Ohio 44146, the Affiant would not have entered into the transaction.

11. AFFIANT states further that upon information and belief that she never executed any documentation in regard to the transaction referred to in the Plaintiff's Complaint, which indicated that the transaction would be secured by the real property located at 7215 Raynham Drive, Oakwood Village, Ohio 44146.

12. AFFIANT states further that the only documentation that she entered into in regard to the transaction referred to in the Plaintiff's Complaint, was that which indicated that the real property which was being utilized to secure the transaction was the commercial property located at 12308 Saywell Avenue, Cleveland, Ohio and as 1001-1003 East 123rd Street, Cleveland, Ohio. * * *

{¶ 29} As this court has previously held:

Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party. *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, ¶ 33.

*Davis v. Cleveland*, 8th Dist. No. 83665, 2004 -Ohio-6621, ¶ 23.

{¶30} Ida failed to present any evidence corroborating the theory set forth in her affidavit, i.e., that Willie or Huntington fraudulently switched the property descriptions on the mortgage from the commercial property to the Raynham Drive property after she signed it.

{¶31} Further, Huntington presented evidence undermining Ida's claim that the property description was switched after she executed the mortgage. With its reply in support of its motion for summary judgment, Huntington submitted copies of the deed

and mortgage for the commercial property. The documents were executed on March 28, 2002, and recorded on April 2, 2002, establishing that Willie did not obtain title to the commercial property until more than three months after Ida executed the mortgage.[1] Ida provided no evidence disputing these facts.[2]

{¶32} Only *genuine* issues of material fact preclude summary judgment. A factual dispute is "genuine" only if "it allows reasonable minds to return a verdict for the nonmoving party." *Sysco Food Servs. v. Titan Devs.*, 9th Dist. Medina No. 2429-M, 1995 Ohio App. LEXIS 4762, *7 (Oct. 25, 1995). The general, uncorroborated allegations set forth in Ida's affidavit do not create a genuine issue of fact as to Huntington's right to foreclose on the mortgage. Accordingly, the trial court did not err in granting summary judgment in favor of Huntington.

{¶33} Ida also contends that the trial court erred in granting Huntington's motion for summary judgment because Huntington failed to establish that it has standing to foreclose on the mortgage. Ida asserts that "the stated plaintiff does not appear to be

---

[1]The deed and mortgage relating to the commercial property were not in the form required by Civ.R. 56(C) and (E). However, because Ida did not object to the improperly introduced evidentiary materials, they could be considered in ruling on Huntington's motion for summary judgment. *See, e.g., Dzambasow v. Abakumov*, 8th Dist. No. 80621, 2005-Ohio-6719, ¶ 26-27.

[2]Further, Ida's claims in this case are inconsistent with the representations she and Willie made to the court during the divorce proceedings. The transcript from the divorce proceedings, which Ida attached to her amended answer, counterclaim, and third-party complaint, indicates that she and Willie then represented that the property securing the line of credit from Huntington was vacant property located in Rocky Mount, North Carolina.

the owner of the Note and Mortgage on the date it filed its Complaint" and, therefore, "[it] cannot invoke this Court's jurisdiction."

**{¶34}** The entity that extended the personal line of credit to Willie, the entity listed as mortgagee on the mortgage executed by Ida and Willie, the entity which brought this action, and the entity in favor of which the trial court entered summary judgment is all one and the same — Huntington. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *United States Bank Natl. Assn.*, 8th Dist. No. 97935, 2012-Ohio-4592 at ¶ 16, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874. In this case, Huntington presented evidence that it was both the holder of the mortgage at the time the complaint was filed and the original mortgagee. Accordingly, Ida's standing argument is meritless.

**{¶35}** Ida also contends that the trial court should have denied Huntington's motion for summary judgment because Huntington failed "to attach an accounting of its claim on account" to its complaint or present other evidence supporting the amount Huntington claimed was due under the line of credit agreement. Ida asserts that "[u]nder Ohio law, Huntington is required to present such evidence when seeking to collect on an account." In this case, however, Huntington is not seeking "to collect on an account." Huntington acknowledges that Ida was not an obligor on the line of credit agreement and has not sought a money judgment against her. Huntington presented sufficient evidence, in the form of the affidavit of Kevin Bryant, supporting the amount it claimed was due under the line of credit agreement. Accordingly, this argument fails as well.

{¶36} There is no evidence that the trial court committed any error — much less plain error — in granting Huntington's motion for summary judgment and ordering foreclosure of the Raynham Drive property. Accordingly, Ida's first and second assignments of error are overruled.

{¶37} In her third assignment of error, Ida argues — based on the same facts and arguments as her previous assignments of error — that the trial court's judgment in favor of Huntington was against the manifest weight of the evidence. Manifest weight of the evidence is not the proper standard for review of a trial court's ruling on summary judgment. "A claim that the court improperly weighed the evidence in a summary judgment motion is a non-sequitur." *Urbanek v. All State Home Mtge.*, 178 Ohio App.3d 493, 2008-Ohio-4871, 898 N.E.2d 1015, ¶ 38 (8th Dist.), citing *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO*, 93 Ohio App.3d 162, 165, 638 N.E.2d 94 (1st Dist.1994); *Lopez v. Dave's Supermarket*, 8th Dist. No. 81549, 2003-Ohio-1350, ¶ 8. "[A] summary judgment cannot be entered upon any weighing of facts — the facts must all be viewed in a light most favorable to the nonmoving party." *Urbanek* at ¶ 38. Accordingly, an appellate court may summarily overrule an assignment of error challenging summary judgment based on the manifest weight of the evidence. *Id.* We, therefore, overrule Ida's third assignment of error.

{¶38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM MCCORMACK, J., CONCUR