[Cite as *Wright v. Fleming*, 2014-Ohio-2050.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99882**

# JEANNET WRIGHT,[1] AS ACTING TREASURER

PLAINTIFF-APPELLEE

vs.

# JIMMIE L. FLEMING, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-07-619692

**BEFORE:** Stewart, J., Boyle, A.J., and Keough, J.
**RELEASED AND JOURNALIZED:** May 15, 2014

---

[1]The original caption of this case was *James Rokakis, as Treasurer v. Jimmie L. Fleming, et al.* In accordance with App.R. 29(C), the court substitutes Jeannet Wright, the acting Treasurer of Cuyahoga County.

**ATTORNEY FOR APPELLANT**

Samuel R. Smith, II
75 Public Square, Suite 1111
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Michael A. Kenny, Jr.
          Anthony J. Giunta, Jr.
          Adam D. Jutte
          Colleen Majeski
          Judith Miles
          Gregory B. Rowinski
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} This case has a long and complicated procedural history arising from a property encumbered with delinquent property taxes that was eventually forfeited to the state. The owner of the property failed to follow a monthly payment agreement executed with the county treasurer in order to address the tax arrears. As a result of the owner's default, the property was forfeited and eventually sold.

{¶2} In his sole assignment of error on appeal, appellant argues that the trial court erred in denying his motion to stay the execution of sale where the contractual agreement between the parties prevented the property from being sold at a sheriff's sale. For the reasons that follow, we affirm the decision of the trial court.

{¶3} On March 26, 2007, James Rokakis, as treasurer of Cuyahoga County, filed a complaint in tax foreclosure against a property located on East 146th Street in Cleveland and owned by Jimmie Fleming. The amount of taxes, assessments, penalties, and interest on the delinquent land tax certificate attached to the complaint was $18,215.26.

{¶4} In May 2007, Fleming and the treasurer executed an agreement entitled Delinquent/Unpaid Tax Contract where Fleming agreed to pay $303.59 a month in order to satisfy the debt owed on the property. The terms of the contract stated that if Fleming defaulted on the agreement, the balance remaining on the full amount would become immediately due. The agreement also specifically stated that if Fleming defaulted on his payments, the property would be scheduled for sheriff's sale.

{¶5} Fleming defaulted on his payments and a tax hearing was held by a magistrate on January 31, 2008. The magistrate issued a decision in foreclosure in favor of the treasurer. This decision was filed on February 1, 2008. Fleming did not object to these findings, and on March 7, 2008, the decision was adopted by the trial court.

{¶6} The county sheriff was ordered to offer the property for sale in March 2008 for a date of sale in May 2008. However, between May 2008 and September 2011, the property was not sold due to various motions to stay the sale of the property granted by the court. Fleming passed away on March 10, 2009. His brother, Gregory Fleming, as administrator of Jimmie's estate, continued to file motions to prevent the sale and transfer of ownership of the property arguing that the contract signed by Jimmie and the treasurer prohibited such a transfer.[2]

{¶7} In June 2012, the property was again ordered for sale; however, the order was returned due to lack of bidders at the auction. The property was thereafter forfeited to the state, and the order was journalized on July 11, 2012.

{¶8} In April 2013, the administrator of Fleming's estate again filed a motion to stay execution of sale without bond. The trial court denied this motion as moot because the property had been forfeited to the state. On May 8, 2013, the administrator filed a notice of appeal and a motion to stay the transfer of the deed with the trial court and with the court of appeals. The motion to stay the transfer of the deed was filed without

---

[2]The record does not contain a suggestion of death as required by Civ.R. 25(E), nor does the record indicate that Fleming's estate had been substituted as a party under Civ.R. 25(A).

posting bond. We dismissed the appeal sua sponte for failure to file a record. On July 11, 2013, the administrator filed a motion for leave to amend the praecipe that was treated by this court as a motion for reconsideration and was granted, thus reinstating this appeal.

{¶9} On appeal, the administrator argues that the trial court should have granted his April 2013 motion to stay the execution of sale of the property on two grounds: first, he claims that the terms of the agreement executed between Fleming and the treasurer prevented the sale and, secondly, he argues that the trial court interfered with bankruptcy proceedings by failing to grant the stay.

{¶10} We find appellant's arguments to be without merit for several reasons: primarily, we agree with the trial court's decision that this case is moot. Once the property was forfeited to the state in June 2012, the trial court was unable to restrict the state from further transfer of the property. Additionally, when appellant filed his notice of appeal and motion to stay, he again failed to post a bond and the property was sold.

{¶11} As a general principle, an appeal is moot if it is impossible for the appellate court to grant any effectual relief . *See Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185 (Jan. 22, 1998). All ownership interest in this property was lawfully transferred to the state in 2012 and from the state to a third-party purchaser in September 2013. Since someone else is now the lawful owner of the property, there is no remedy we are able to provide appellant if he were to prevail.

{¶12} Even if we did not find this appeal to be moot, we note that any arguments based on error of the trial court's decision are forfeited on appeal because Fleming failed

to comply with Civ.R. 53 by not objecting to the magistrate's findings after the January 2008 tax hearing. Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Under Civ.R. 53, parties have an affirmative duty to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 11. Because Fleming did not object to the magistrate's findings, he has waived any claimed error.

{¶13} As a final note, the appellant's arguments that the treasurer violated the terms of the delinquent tax contract and interfered with bankruptcy proceedings would be equally unavailing. Fleming defaulted on the payments, thus entitling sale of the property. Fleming's last payment pursuant to the terms of the agreement was on January 18, 2008. When he failed to make a timely subsequent payment, his account went into default and the property was immediately subject to foreclosure. With regard to the bankruptcy stay, a review of the record demonstrates that the trial court took no action in derogation to bankruptcy proceedings. Fleming filed a petition in bankruptcy on May 2, 2008. That case was dismissed on September 29, 2008 and closed on January 16, 2009. In February 5, 2009, he filed another petition, which was dismissed on April 24, 2009 and

closed on May 17, 2009. Fleming's motions for stay filed during the pendency of these bankruptcy proceedings were granted by the trial court.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR