[Cite as *Zumbar v. Easley*, 2019-Ohio-5282.]

EACOURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALEXANDER A. ZUMBAR, | : | JUDGES: |
| STARK COUNTY TREASURER, | : | Hon. John W. Wise, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| RON EASLEY, | : | Case No. 2019CA00102 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2018-CV-02146

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      December 18, 2019

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO | RON EASLEY, Pro Se |
| Prosecuting Attorney | 56 5th Street S.E. |
| Stark County, Ohio | Massillon, Ohio 44646 |

By: GERARD T. YOST
Assistant Prosecuting Attorney
Civil Division
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1}   Defendant-appellant Ron Easley appeals from the May 30, 2019 Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by plaintiff-appellee and ordering that a Decree of Foreclosure be granted against defendant-appellant and from the trial court's June 7, 2019 Judgment Entry-Decree of Foreclosure and Sale.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant Ron Easley was the titled owner of real property located in Massillon, Ohio. On November 2, 2018, appellee Stark County Treasurer filed a complaint in foreclosure against appellant, alleging that there were unpaid taxes, assessments, penalties, interest and charges on the property.  Appellant filed an answer to the complaint on December 4, 2018, denying the statements in the complaint for want of knowledge.

{¶3}   Appellee, on January 24, 2019, filed a Motion for Summary Judgment supported by the affidavit of Alexander A. Zumbar, the Stark County Treasurer. Zumbar, in his affidavit, stated, in relevant part, as follows:

{¶4}   That there is presently due and owing as of January 24, 2019, as delinquent real estate taxes, assessments, penalties and interests upon the above identified parcel the sum of $24,791.22.  The penalties and interest will continue to accrue throughout the case.

{¶5}   That these unpaid real estate taxes, assessments, penalties and interests constitute a good and valid lien upon all the parcels as set forth and as a consequence I am entitled to foreclosure of the real estate and judicial sale in order to satisfy said delinquent tax obligation.

{¶6}   A true record of the tax duplicate for the above identified parcel is attached hereto and incorporated herein in further support of Plaintiff's Motion for Summary Judgment.

{¶7}   Appellee, on February 4, 2019, filed a Motion for Default Judgment against all non-responding interested parties and lien holders. Pursuant to a Judgment Entry filed on February 7, 2019, default judgment was granted against all non-responding parties.

{¶8}   Appellant filed a notice of bankruptcy case filing and Motion to Stay. After the bankruptcy case was dismissed on March 8, 2019, appellee, on March 21, 2019, filed a notice of intent to proceed with the foreclosure action.   Appellee filed a renewed Motion for Summary Judgment on March 27, 2019 supported again by the Treasurer's affidavit. Appellant filed a memorandum in opposition to the same on May 10, 2019 which was supported by his affidavit. Appellant, in his affidavit, stated, in relevant part, as follows:

{¶9}   Since 2010 the City of Massillon has been charging the Defendant a Sewer charge four times the normal rate.  These charges became assessments to Easley's tax bill totaling over $10.0000 (sic) dollars in charges.

{¶10}  Easley made numerous attempts over the years to resolve the charges and bring the bill current with both City of Massillon and the Stark County Treasurer's Office.

{¶11}  There has been no water or sewer usage at the property since 2008.

{¶12}  The City of Massillon has grossly overcharged the Defendant.

{¶13}  Appellee filed a reply on May 23, 2019.

{¶14}  Pursuant to a Judgment Entry filed on May 30, 2019, the trial court granted the Motion for Summary Judgment, finding that there was no issue of material fact

remaining to be litigated. The trial court ordered that a Decree of Foreclosure be granted against appellant.

{¶15} A Judgment Entry-Decree of Foreclosure and Order of Sale was filed on June 7, 2019.

{¶16} On July 11, 2019, appellee filed a Notice of Sheriff's Sale. Appellant, on July 31, 2019, filed an Emergency Motion to Stay the Sheriff's Sale pending appeal which was denied on August 2, 2019. The trial court, in its August 2, 2019 Judgment Entry, stated that the Sheriff's Sale would proceed but that if appellant posted a supersedeas bond in the amount of $31,000.00 within fourteen days of the Entry, the court would "stay any further proceedings pending the outcome of [appellant's] appeal." After two attempts to sell the property at Sheriff's Sales were unsuccessful, appellee, on September 23, 2019, filed an Application and Certification to Forfeit Land pursuant to R.C. 5723.01. The trial court, as memorialized in a Judgment Entry filed on September 25, 2019, stated that "unless a petition is filed [by the City of Massillon Law Department, the City of Massillon School District or the Stark County Land Reutilization Corp.] with the Court within ten (10) days of this notification the parcel will be forfeited to the State of Ohio."

{¶17} On November 1, 2019, appellee filed a Certification of Offer for Sale pursuant to R.C. 5723.01. An Order forfeiting the property to the State of Ohio was filed on November 4, 2019.

{¶18} Appellant now raises the following assignment on appeal:

{¶19} "I. THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT IN FORECLOSURE WHEN MATERIAL ISSUES OF FACT REMAINED INVOLVING THE AMOUNT OWED TO STARK COUNTY AND DEFENDANTS RIGHT TO CURE BEFORE

FORECLOSURE IN VIOLATION OF THE OHIO RULES OF CIVIL PROCEDURE AND ARTICLE I SECTION I OF THE OHIO CONSTITUTION."

{¶20} However, we find it unnecessary to address the merits of appellant's assignment of error because this case is moot.

{¶21} As a general principle, an appeal is moot if it is impossible for the appellate court to grant any effectual relief. *See Equibank v. Rivera,* 8th Dist. Cuyahoga No. 72224, 1998 WL 23814 (Jan. 22, 1998).

{¶22} In the case sub judice, the trial court, in its August 2, 2019 Judgment Entry, stated that the Sheriff's Sale would proceed but that if appellant posted a supersedeas bond in the amount of $31,000.00 within fourteen days of the Entry, the court would "stay any further proceedings pending the outcome of [appellant's] appeal." Appellant, however, did not post a bond and the property was ordered to be forfeited to the State of Ohio. Since all ownership interest in this property was lawfully transferred to the State and the State is now the lawful owner of the property, there is no remedy we are able to provide appellant if he were to prevail. See *Wright v. Fleming,* 8th Dist. Cuyahoga No. 99882, 2014 -Ohio- 2050.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.