[Cite as *Elam v. Woodhawk Club Condominium*, 2019-Ohio-457.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107092

**DEBRA ELAM**

PLAINTIFF-APPELLANT

vs.

**WOODHAWK CLUB CONDOMINIUM**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-880085

**BEFORE:** Boyle, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

ATTORNEY FOR APPELLANT

Bradley Hull
3681 South Green Road, Suite 208
Beachwood, Ohio    44122


ATTORNEYS FOR APPELLEE

Amanda A. Barreto
Wickens, Herzer, Panza, Cook & Batista
35765 Chester Road
Avon, Ohio    44011

Callie J. Channell
Jacqueline Ann O'Brien
Steven M. Ott
Lindsey A. Wrubel
Ott & Associates Co., L.P.A.
1300 East Ninth Street, Suite 1520
Cleveland, Ohio    44114

MARY J. BOYLE, P.J.:

{¶1}   Plaintiff-appellant, Debra Elam, appeals the trial court's judgment granting summary judgment in favor of defendant-appellee, Woodhawk Club Condominium II Owners' Association, Inc. ("Association").   Elam raises one assignment of error for our review:

> The trial court erroneously determined that no genuine issue of material fact exists as to whether appellee Woodhawk's refusal to maintain the ductwork and HVAC in question is not in violation of the plain language of the declaration between the parties, and thus that appellee Woodhawk is entitled to judgment as a matter of law as to the appellant's, Debra Elam's, claims for breach of fiduciary duty, negligence and wanton misconduct and declaratory judgment.

{¶2}   Finding no merit to her appeal, we affirm.

## I. Procedural History and Factual Background

**{¶3}** In January 2016, Elam purchased a condominium unit at Woodhawk Club Condominium in Mayfield Heights, Ohio. Elam, as the title owner of a unit, is a member of the Association.

**{¶4}** In May 2017, Elam filed a complaint against the Association for breach of contract, breach of fiduciary duty, negligence, and wanton misconduct, and for a declaratory judgment that the Association's rules and bylaws were unreasonable. She alleged that when she took possession of her unit, she "discovered water seepage into the HVAC [heating, ventilation, and air conditioning] units, which are exterior to her unit." She asserted that because the HVAC units are "exterior to, or outside the walls, of her unit," they are common elements. She demanded that the Association fix the water seepage issue, but it refused to do so. She further alleged that because her HVAC unit was faulty, it posed a risk to health and human safety. The Association answered Elam's complaint, denying the allegations.

**{¶5}** In January 2018, the Association moved for summary judgment. According to the Association, its declaration and bylaws state that the HVAC system serving individual units is part of the "limited common areas," which means that unit owners are responsible for "maintenance and repair of the ductwork and HVAC system servicing his or her individual unit." The Association further argued that it did not breach any fiduciary duty or act negligently or in a wanton manner and that Elam was not entitled to declaratory judgment. Elam opposed the Association's motion, supporting her arguments with her affidavit.

**{¶6}** The trial court subsequently granted the Association's summary judgment motion. It is from this judgment that Elam now appeals.

**II. Summary Judgment Standard**

**{¶7}** We review a trial court's decision on summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

**{¶8}** Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

**{¶9}** The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

## III. Analysis

**{¶10}** Elam raises several issues within her sole assignment of error that all relate to her four causes of action. Elam, however, does not argue these issues separately or in any logical manner. Thus, we will attempt to decipher her arguments regarding each cause of action and address them in an orderly fashion.

### A. Breach of Contract

**{¶11}** Elam argues that the Association breached the terms of the rules and regulations of its declaration and bylaws when it refused to maintain and fix the "defective and unsafe HVAC system exterior" to her unit.

**{¶12}** The Association contends that the declaration and bylaws are clear and unambiguous and plainly state that maintaining the HVAC system is Elam's responsibility, not the Association's.

**{¶13}** Condominium declarations and bylaws are contracts between the association and the purchaser and are subject to the traditional rules of contract interpretation. *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 35-36, 514 N.E.2d 702 (1987). A contract that is clear and unambiguous requires no real interpretation or construction and will be given the effect called for by the plain language of the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989).

**{¶14}** Where a contract's terms are clear and unambiguous, its interpretation is as a matter of law, not fact, and may be adjudicated by summary judgment. *Dutch Maid Logistics, Inc. v. Acuity*, 8th Dist. Cuyahoga Nos. 91932 and 92002, 2009-Ohio-1783, ¶ 19. We, therefore, interpret the terms of the Association's declaration and bylaws de novo. *Continental W. Condo. Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

**{¶15}** Elam does not point to any part of the declaration or bylaws that support her position. Indeed, Elam does not cite to the declaration or bylaws anywhere in her brief. The Association, however, points to the following sections of the declaration in support of its argument. Article II, Section (B) of the declaration describes "Common Areas and Facilities" and "Limited Common Areas and Facilities." It provides:

(B) Common Areas and Facilities

(1) Description of Common Areas and Facilities.  The entire balance of the land and improvements thereon, including but not limited to, all buildings, foundations, roofs, main and supporting walls, exterior parking spaces, sidewalks, roadways, drives, storage spaces, if any, community facilities, if any, pumps, trees, lawns, gardens, pavement, balconies, porches, stoops, wires, conduits, utility lines and ducts now or hereafter situated on the Condominium Property, all as here in before more specifically described as "Common Areas and Facilities" in Article (F) hereof, are hereby declared and established as the Common Areas and Facilities.  Specifically, all electric fixtures, utility pipes and lines, faucets, shower heads, plugs, connections, or fixtures as defined by the laws of the State of Ohio and all replacements thereof shall be part of the Common Areas and Facilities.  Unless otherwise provided by the Unit Owners' Association, however, the care, maintenance, repair and replacement of all or any portion of such elements or fixtures located within Unit shall be the responsibility of the owner of such Unit.

(2) Limited Common Areas and Facilities.  Each Unit Owner is hereby granted an exclusive and irrevocable license to use and occupy to the exclusion of all others the Limited Common Areas and Facilities which area located within the bounds of his Unit or which serve only his Unit.  The Limited Common Areas and Facilities with respect to each Unit (or group of Units) shall consist of such of the following as may be constructed to be Common Areas:

* * *

(c) All ducts and plumbing, electrical and other fixtures, equipment and appurtenances, including the individual air-conditioning compressor for each Unit which is located outside of the bounds of the Unit, but which serves only the particular Unit, all other heating, air conditioning and ventilating equipment and systems located in Unit, thermostats and control devices, if any, and sanitary and storm sewer cleanouts located within the bounds of such Unit or located outside the bounds of Unit but serving particular Unit, and the structure for any of the foregoing (and space thereof), if any, located outside such Unit containing equipment serving only such Unit[.]

{¶16} Article II, Section (C), provides that the Association shall maintain and manage the common areas and facilities, but each unit owner shall

(a) maintain, repair and replace at his expense all portions of his Unit, and all internal installations of such Unit such as appliances, plumbing, electrical and air conditioning fixtures or installations, and any portion of any other utility service facilities located within the Unit boundaries, other than such utility facilities

serving other Units, and to assume the same responsibility with respect to the other Limited Common Areas and Facilities belonging to his Unit, including watering the yard areas adjacent to his Unit or making such water available to the Association, Management Company or their respective contractors, agents and employees. Each Unit Owner is responsible for maintenance and repair of the walks serving his Unit, including snow removal from his walks.

{¶17} After review, we agree with the Association that the relevant portions of the declaration in this case are unambiguous and plainly state that Elam, as a unit owner, is responsible for the maintenance and repair of her heating and cooling system — whether they are outside or inside of her apartment.

{¶18} While Elam cites to several sections of the Ohio Condominium Act, she does not explain how these statutes support her position. Indeed, these provisions simply define certain elements of condominium law or set forth general law governing condominium associations and do not lend support to any of Elam's arguments.

{¶19} Notably, Elam even acknowledges that these statutes *only apply* if the declarations do not provide otherwise. There is no dispute in this case that the declarations here "provide otherwise." Elam concedes as much. She states that the "language contained in the 1993 Declarations and 1998 Handbook of Rules and Information, all related to the rights and responsibilities to condominium units in Woodhawk, would seem to make a unit owner responsible for any and all systems that serve only and solely their units."

{¶20} Accordingly, regarding Elam's breach of contract claim, there are no genuine issues of material fact remaining, and summary judgment was proper on this issue.

**B. Fiduciary Duty**

{¶21} Elam argues that genuine issues of material fact remain regarding whether the Association breached its fiduciary duty to her. She claims the Association breached its

fiduciary duty to her because it failed to maintain and repair her "faulty HVAC ductwork" and unlawfully shifted "basic and fundamental HVAC maintenance obligations" to her. Elam relies on *Behm v. Victory Lane Unit Owners' Assn.*, 133 Ohio App.3d 484, 728 N.E.2d 1093 (1st Dist.1999), which stated that "both the declaration and [R.C. 5311.14(A)] impose a fiduciary duty on the part of the homeowners' association and the board in particular to act in the best interests of the property owners." *Id*. at 487.

{¶22} R.C. 5311.14(A) provides,

Unless provided otherwise in the declaration, damage to or destruction of all or any part of the common elements of a condominium property shall be promptly repaired and restored by the board of directors of the unit owners association. The cost of the repairs and restoration shall be paid from the proceeds of insurance, if any, payable because of the damage or destruction, and the balance of that cost is a common expense.

{¶23} The *Behm* court noted,

Though there is apparently no Ohio case law stating that a homeowners' association or its board stands in a fiduciary relationship to the unit owners, the Supreme Court of Ohio has held that "'[a] "fiduciary relationship" is one in which special confidence is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" *Belvedere Condominium Unit Owners' Association v. R.E. Roark Cos., Inc*. (1993), 67 Ohio St.3d 274, 282, 617 N.E.2d 1075, 1082, quoting *In Re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 115, 321 N.E.2d 603, 609 (1974). Clearly, the authority granted the board to maintain the common areas of the property carries with it the duty to exercise that authority in the best interests of the homeowners.

*Id*. at fn. 5.

{¶24} After review, we disagree with Elam that *Behm* stands for the proposition that condominium associations have a fiduciary duty to homeowners. Although the *Behm* court stated that condominium associations and their board of directors owe a fiduciary duty to act in the best interests of condominium owners, the court ultimately explained that it was the board of directors of the associations that have the duty. *Id*.

**{¶25}** Indeed, under R.C. 1702.30(B), board of directors of nonprofit corporations, which the Association is, owe a fiduciary duty to the corporation to act in good faith in a manner the directors believe "to be in or not opposed to the best interests of the corporation." *Kleeman v. Carriage Trace, Inc*., 2d Dist. Montgomery No. 21873, 2007-Ohio-4209, ¶ 45, citing R.C. 1702.30(B). Here, however, Elam sued the Association, not its board.

**{¶26}** Nonetheless, the Association agreed in its summary judgment motion that it must act in the best interest of the members as a whole.

**{¶27}** Article II, Section (C)(1), of the declaration in this case states in relevant part,

The Association shall manage the Common Areas and Facilities and shall maintain and keep the same in a state of good working order, condition, and repair, in a clean, neat, safe, and sanitary condition, and in conformity with all laws, ordinances, and regulations applicable to the Common Areas and Facilities, by promptly, properly and in a good and workmanlike manner, making all repairs, replacements, alterations and other improvements necessary to comply with the foregoing.

**{¶28}** The Association argues, however, that it acted in compliance with its declaration and bylaws, which provide that unit owners must maintain the ductwork and HVAC system servicing his or her individual unit. The Association contends that if it were to expend Association funds for an individual's HVAC maintenance responsibility, it would not be acting in the best interest of the Association as a whole. The Association asserts that without a duty under the declaration to maintain Elam's ductwork and HVAC system servicing her unit, it did not breach any fiduciary duty to Elam.

{¶29} After considering the record before us in this case, we conclude that Elam has failed to point to any evidence that creates genuine issues of material fact as to whether the Association breached its statutory duty, duty under the declaration, or any fiduciary duty. As we stated in the previous section, the Association does not have a duty to repair an individual owner's HVAC system under the Declaration. Accordingly, without a duty to do so, the Association could not have breached any duty, let alone a fiduciary duty.

## C. Negligent and Wanton Misconduct

{¶30} Elam argues that genuine issues of material fact remain regarding whether the Association acted negligently or in a wanton manner (1) when it maintained "an HVAC system that is of such poor quality and poor design that it literally crumbles," (2) for allowing this "condition to fester and get worse, while shirking its own responsibilities of maintenance and repair," and (3) for knowingly "taking no remedial action whatsoever" to repair Elam's HVAC system.

{¶31} It is black letter law that actionable negligence requires a duty, a breach of the duty and resultant proximate damages. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). "Like a finding of negligence, a finding of wanton or reckless conduct requires a showing of duty." *Estate of Graves v. Circleville*, 179 Ohio App.3d 479, 2008-Ohio-6052, 902 N.E.2d 535, ¶ 25 (4th Dist.). Without any duty to maintain or repair Elam's HVAC system, there are no genuine issues of material fact as to whether the Association acted negligently or with wanton misconduct.

## D. Declaratory Judgment

{¶32} Elam further argues that genuine issues of material fact exist as to whether she is entitled to a declaratory judgment because issues of fact remain regarding the reasonableness of

the declaration. She claims that she is entitled to a declaratory judgment that the Association's declaration is unreasonable. We disagree.

{¶33} A declaratory judgment action is a creature of statute. *See* R.C. 2721.01 through 2721.15. "The Declaratory Judgments Act was fashioned to provide remedies where none exists, in the situation where a particular controversy has not advanced to the point where a conventional remedy is reasonably available." *D.H. Overmyer Telecasting Co. v. Am. Home Assur. Co.*, 29 Ohio App.3d 31, 32, 502 N.E.2d 694 (8th Dist.1986). "The entertainment of a declaratory judgment action rests within the sound discretion of the trial court." *Id.*

{¶34} A declaratory judgment may be commenced as set forth in R.C. 2721.03:

[A]ny person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶35} In this case, Elam argues that the declaration is unreasonable because it requires her to maintain and repair her HVAC system when parts of the system are underground and outside of her condominium. Because the ductwork for her HVAC system is underground and outside of the walls of her condominium, she asserts that she would suffer great hardship if she had to repair her HVAC system. She further argues that there was no meeting of the minds regarding the declaration.

{¶36} Essentially, Elam is arguing that the declaration is both procedurally and substantively unconscionable. A party bears the burden of proving that an agreement is both substantively and procedurally unconscionable. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33. In this case, Elam does not provide any

evidence of her claims whatsoever besides her self-serving affidavit. Indeed, there is nothing in the record — besides Elam's affidavit — to support her argument that the declaration's provision requiring unit owners be responsible for their own HVAC system is unreasonable. *See Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23 ("Generally, a party's unsupported and self-serving assertions, * * * standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.").

{¶37} There is also no evidence of procedural unconscionability. Procedural unconscionability involves factors bearing on the relative bargaining position of the contracting parties, including "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible[.]" *Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993), citing *Johnson v. Mobil Oil Corp.*, 415 F.Supp. 264 (E.D.Mich.1976). The crucial question is whether a party, considering his or her education or lack of it, had a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print. *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993). There is no evidence in this case that Elam was not able to read and understand the declaration before she purchased her condominium.

{¶38} Finally, regarding Elam's claim that there was not a meeting of the minds because the Association never explained the terms of the declaration to her, we disagree. "A party

entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms." *Cheap Escape Co. Inc. v. Crystal Windows & Doors Corp.*, 8th Dist. Cuyahoga No. 93739, 2010-Ohio-5002, ¶ 17. It is well established that one party to a contract is not required to explain each contract provision to the other party before signing the document. *Id.*, citing *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 503, 692 N.E.2d 574 (1998). Moreover, a party to a contract is presumed to have read and understood the terms and is bound by a contract that he willingly signed. *Id.*, citing *Preferred Capital, Inc. v. Power Eng. Group Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741.

{¶39} Accordingly, we agree with the trial court that no genuine issues of material fact exist on Elam's declaratory judgment claim.

## IV. Conclusion

{¶40} After reviewing the parties' arguments, the pertinent law, and the record before us, we find no error on the part of the trial court in granting summary judgment to the Association. Elam did not meet her reciprocal burden of pointing to evidence in the record that established that genuine issues of material fact remain regarding on each of her claims. Accordingly, we find that the trial court's judgment in favor of the Association on its summary judgment motion was proper. Elam's sole assignment of error is overruled.

{¶41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR