[Cite as *Bartel v. Farrell Lines, Inc.*, 2020-Ohio-5509.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILLARD E. BARTEL : 
ADMINISTRATOR, ET AL., 

                               :            No. 109139

       Plaintiffs-Appellees, :

       v. :

FARRELL LINES, INC., ET AL., :

       Defendants. :

[Appeal by Ford Motor Company, :

       Defendant-Appellant.] :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 3, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-872251

### *Appearances:*

The Jaques Admiralty Law Firm, P.C. and Timothy A. Swafford, pro hac vice, *for appellees.*

Roetzel & Andress, Susan Squire Box, Leighann K. Fink, and Moira H. Pietrowski, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Ford Motor Company ("Ford") appeals the trial court's decision granting plaintiffs-appellees, Willard E. Bartel and David C. Peebles's ("appellees") motion to reinstate their smoking lung cancer case to the active docket, and asks this court to reverse the trial court's decision. We affirm.

I.      Facts and Procedural History

{¶ 2} The appellees filed suit against Ford in their capacity as the administrators of the Estate of Robert F. Stewart ("Stewart"). Stewart, who had been employed by Ford as a merchant marine, was a deck department worker for 27 years. During that time, it was routine for Stewart to clean up asbestos on ships, as Ford had asbestos-insulated steam lines throughout its ships, which needed constant repair. Stewart, who repaired the steam lines, was frequently exposed to asbestos. In addition to exposure to asbestos, Stewart was a smoker until he quit in 2008 and was diagnosed with lung cancer in 2013. Stewart died from lung cancer in 2016.

{¶ 3} Appellees filed suit in 2016, under the Jones Act and the General Maritime Law, against Ford and other defendants[1] for damages arising from Stewart's lung cancer and death. Appellees conducted depositions in which Stewart's co-workers testified that because of Stewart's job responsibilities, he had been exposed to asbestos on the ships. Ford and the other defendants filed a motion

---

[1] The original defendants included Farrell Lines, Inc.; BP Products North America, Inc.; Atlantic Richfield Company; CLTA L.L.C.; Chevron USA Inc.; Arcelorrmittal USA L.L.C.; Texaco Inc.; Coastwise Trading Company; and Keystone Tank Ship Corp.

to dismiss the case arguing that the appellees failed to meet the statutory requirement of R.C. 2307.92, which required the appellees to provide *prima facie* evidence that Stewart's exposure to asbestos was a substantial contributing factor to his development of lung cancer.

**{¶ 4}** In response to the other defendants and Ford's motion to dismiss the case, the appellees submitted Stewart's doctors' reports. The first report ("Alonzo Report") was from Dr. Clive Alonzo ("Dr. Alonzo"), which stated,

> The patient had a known history of tobacco abuse for about 20 years and he had quit in 2008. Upon review of his records, he had a CT scan of [his] chest in April 2010 that showed bullous emphysema and also pleural plaques likely related to chronic asbestos exposure. It is also known from review of his records that he had extensively worked in the maritime industry from 1964 to 1997 on ships. In my medical opinion, it is reasonable to conclude that exposure to asbestos on the ships and his tobacco history were substantial factors that contributed to his lung malignancy.

Alonzo Report (Oct. 5, 2017).

**{¶ 5}** The second doctor's report ("Zajac Report I") was from Dr. Andrej J. Zajac ("Dr. Zajac"), Stewart's treating oncologist, which stated,

> Mr. Stewart had been a heavy smoker with over 60 pack-year smoking history though he had stopped smoking 10 years prior to his cancer diagnosis. He also had a significant occupational exposure to asbestos. As noted above, he had imaging evidence of asbestosis. Given these findings and the synergistic carcinogenic effects of both asbestos and smoking, it is fairly certain that Mr. Stewart's lung cancer was substantially attributed to by his asbestos exposure.

Zajac Report I (Oct.12, 2017).

{¶ 6} After reviewing the evidence and the doctors' reports, the trial court granted the motion to dismiss. Referencing the doctors' reports, the trial court stated in its journal entry,

> Each of these reports is close to the statutory language of "substantial contributing factor"; thus, plaintiff argues that the spirit of that statute has been met and the doctors need not use the precise wording of the Act to comply. This might be a plausible argument until we look further to the legislature's definition of "substantial contributing factor":
>
> > (1) [exposure to asbestos is the predominate cause of the physical impairment alleged in the asbestos claim [;and]
> >
> > (2) [a] competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred.
>
> Whatever doubt might remain has been erased by the Supreme Court in *Ackison v. Anchor Packing Co.*, 120 Ohio St. 3d 228 (2008), where it was held that the act:
>
> > * * * "require[s] that asbestos exposure be a significant, direct cause of the injury to the degree that without the exposure to asbestos the injury would not have occurred."
>
> The language of the proffered reports does not rise to the level of "but for" as the Court and the Act require. The motion for administrative dismissal is granted.

Journal entry No. 109237741 (June 18, 2019).

{¶ 7} In July 2019, the appellees filed a motion to reinstate the case. In their motion, the appellees submitted a 2019 report from Dr. Zajac ("Zajac Report II"). In this report, Dr. Zajac included the same statements in the Zajac Report I, but added that "Mr. Stewart's combined exposure to asbestos and tobacco history were

the predominate causes of Mr. Stewart's lung cancer. But for Mr. Stewart's exposure to asbestos and smoking history, Mr. Stewart would not have developed lung cancer." Zajac Report II (July 17, 2019).

{¶ 8} This time the trial court granted the appellees' motion to reinstate and stated in its journal entry,

> Dr. Andrej J. Zajac was the late Mr. Stewart's treating physician; he is also Board Certified in the specialties of Internal Medicine, Oncology, and Radiology. As such, he is a qualified medical witness under the statute. His opinion that asbestos exposure was a predominate cause of Mr. Stewart's fatal lung cancer satisfies the statutory requirement for the case to proceed. Plaintiffs motion to reinstate this case to the active docket is granted. Cf. *Howell v. Conrail,* [2017-Ohio-6881,] 94 N.E.3d 1127 (8th Dist.).

Journal entry No. 110518328 (Sept. 20, 2019).

{¶ 9} As a result of this ruling, the other defendants in this case and Ford filed a joint notice of appeal. Subsequent to filing this appeal, the other defendants and the appellees reached a settlement. Ford assigns the following two errors for our review:

> I.    The trial court erred in granting Appellees' Motion to Reinstate their smoking lung cancer case to the active docket; and

> II.   The trial court erred in ruling that Appellees' prima facie evidentiary submission in support of their Motion to Reinstate their smoking lung cancer case was sufficient to satisfy the requirements of R.C. 2307.92(C) and 2307.92(D).

## II.    Motion to Reinstate

### A.    Standard of Review

{¶ 10} The trial court granted the appellees' motion to reinstate this case to the active docket after determining that the appellees satisfied the statutory requirement for the case to proceed.  "'A trial court applies a summary judgment standard in assessing the sufficiency of R.C. 2307.92 prima facie evidence showing under R.C. 2307.93.'" *Howell v. Conrail*, 2017-Ohio-6881, 94 N.E.3d 1127, ¶ 10 (8th Dist.), quoting *Renfrow v. Norfolk S. Ry. Co.*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, ¶ 17.  "We review a trial court's decision on summary judgment under a de novo standard of review." *Elam v. Woodhawk Club Condominium*, 8th Dist. Cuyahoga No. 107092, 2019-Ohio-457, ¶ 7, citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000).

{¶ 11}  Additionally, "[t]rial courts have the inherent power to manage their own dockets."  *Wells Fargo Bank, N.A. v. Unknown Heirs*, 8th Dist. Cuyahoga No. 97662, 2012-Ohio-3259, ¶ 27, citing *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23.

### B.    Law and Discussion

{¶ 12}  Ford argues that the trial court erred in granting the appellees' motion to reinstate their case by not applying the "but for" causation standard articulated in *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118 (2008).  In *Ackison*, the court held that in asbestos cases,

R.C. 2307.91(FF)(2) requires that a competent medical authority determine that "without the asbestos exposures the physical impairment of the exposed person would not have occurred." This requirement is, in essence, a "but for" test of causation, which is the standard test for establishing cause in fact. *See Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84-85, 671 N.E.2d 225 (1996). Cause in fact is distinct from proximate, or legal, cause. Once cause in fact is established, a plaintiff then must establish proximate cause in order to hold a defendant liable. *See id.* at 86, 671 N.E.2d 225, citing Prosser & Keeton, Law of Torts (5 Ed.1984) 265-266. *See also* Prosser & Keeton, *id.*, at 272-273.

*Id.* at ¶ 48.

{¶ 13} In Zajac's Report II, Dr. Zajac stated, "[b]ut for Mr. Stewart's exposure to asbestos and smoking history, Mr. Stewart would not have developed lung cancer." The trial court relied on this report in its decision. This reliance is not in conflict with *Ackison*. The court in *Ackison* does not state that asbestos exposure has to be the only cause, but yet a substantial contributing factor. *Ackison* at ¶ 48. R.C. 2307.91(FF)(1) and (2) states,

"Substantial contributing factor" means both of the following:

(1) Exposure to asbestos is the predominate cause of the physical impairment alleged in the asbestos claim.

(2) A competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred.

{¶ 14} Ford also cites *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, to support its contention that the trial court did not correctly apply the "but for" causation standard. Specifically, Ford identifies where the court in

*Renfrow* states that the medical authority did not establish that without asbestos exposure, the plaintiff in the case would not have had lung cancer. *Id.* at ¶ 23.

{¶ 15} However, Ford incorrectly applies *Renfrow* to this case. The court in *Renfrow* first determined that the doctor who provided the medical report did "not satisfy the definition of 'competent medical authority' contained in R.C. 2307.91(Z)" because the doctor did not treat the plaintiff or have a doctor-patient relationship with the plaintiff in the case. *Id.* at ¶ 22. Secondly, the court determined that the doctor's report was insufficient to establish that asbestos was a substantial contributing factor to the plaintiff's lung cancer. We can distinguish the facts in *Renfrow* from the instant case because the doctors' reports were vastly different. Specifically, the doctor's report in *Renfrow* stated,

> After reviewing all the information provided, I have come to the conclusion within a reasonable degree of medical certainty that Mr. Renfrow had inoperable lung cancer with brain metastasis. * * * [I]t is my opinion within a reasonable degree of medical certainty that occupational exposure to asbestos dust, diesel fumes and exhaust in part contributed to the development of his lung cancer and eventual death. Asbestos exposure acted synergistically with the cigarette smoking, diesel fumes and exhaust to greatly increase the risk of lung cancer beyond that expected from either exposure alone.

*Id.* at ¶ 23.

{¶ 16} The doctor in *Renfrow* did not state in his report that "but for" asbestos exposure, the plaintiff would not have had cancer. Nor did the doctor state that asbestos exposure was a substantial contributing factor. Instead, the doctor stated that asbestos exposure contributed, in part, to the plaintiff's lung cancer. Again, this is distinguishable because Dr. Zajac stated in his report that asbestos

exposure and tobacco use were substantial contributing factors to Stewart developing lung cancer.

{¶ 17} Additionally, Ford cites *Holston v. Adience, Inc.*, 8th Dist. Cuyahoga No. 93616, 2010-Ohio-2482 to support its argument. In *Holston*, this court held that the doctor's "statement fails to meet the requirement of the statute, which requires 'but for' [plaintiff's] workplace exposure to asbestos, he would not have developed lung cancer." *Id.* at ¶ 19. The doctor in *Holston* provided the following statement regarding plaintiff's cancer:

> "Mr. Holston's work history reveals he has substantial occupational exposure to asbestos while working at Wheeling-Pittsburgh Steel's Follansbee Coke Plant and Steubenville plant from 1971 to 2000. The type of work that he performed required that he work in close proximity to other workers who altered, repaired or otherwise worked with asbestosis [sic]-containing products in such a manner that exposed him to asbestos in a regular manner. In my medical opinion I feel that Mr. Holstons [sic] work history and his history of tobacco use directly contribute to his diagnosis of Lung Cancer."

*Id.* at ¶ 6.

{¶ 18} Again, as in *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, the doctor in *Holston* does not state that asbestos exposure was a substantial contributing cause of the plaintiff's cancer. Nor does he state that "but for" the plaintiff's exposure to asbestos, he would not have developed lung cancer. As previously stated, Dr. Zajac does both in his reports. Hence the decisions in *Ackison,* 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, *Renfrow, and Holston* are consistent with the trial court's decision.

{¶ 19} In its decision, the trial court referenced *Howell*, 2017-Ohio-6881, 94 N.E.3d 1127, as a reason for granting the appellees' motion to reinstate the case to the active docket. Ford, however, claims that our decision in *Howell* is contrary to *Ackison* and *Renfrow* because the court in *Howell* attempts to expand the definition of substantial contributing factor beyond the legislature's intent.[2] Ford is incorrect in its assertion.

{¶ 20} Ford argues that the statement, "[t]he Ohio Act specifically considers the dual causation factors of asbestos exposure and smoking," is in error. *Howell* at ¶ 31. Ford states that if the legislature intended for claimants to be able to combine smoking and asbestos exposure together as a dual cause of lung cancer, it would have said so in the statute. However, even the court in *Ackison* acknowledged that smoking and asbestos exposure could cause lung cancer. "The plain language states that asbestos must be the 'predominate' cause of the impairment." *Id.* at ¶ 31, citing *Ackison*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, at ¶ 33, citing R.C. 2307.91(FF)(1). Thus, in light of R.C. 2307.92(C)(1), the decision in *Howell* is consistent with the decision in *Ackison.*

{¶ 21} Additionally, the decision in *Howell* supports the decision in *Renfrow.* This court stated in *Howell*,

> [o]ne of the statutory prerequisites necessary to establish a prima facie tort action alleging an asbestos claim based upon lung cancer requires a person who is a smoker to demonstrate a diagnosis by a

---

[2] On February 28, 2018, the Supreme Court of Ohio did not accept the appellants' appeal for review in *Howell v. Conrail*, 2018-Ohio-723, 2018 Ohio LEXIS 549, 92 N.E.3d 879 (Feb. 28, 2018).

competent medical authority that the exposure to asbestos is a substantial contributing factor. (*See* R.C. 2307.92(C)(1)(a).)

*Id.* at ¶ 30, citing *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, at syllabus.

{¶ 22} Yet Ford argues that dual causation factors do not comport with the plain language of H.B. 292 and that, if applied, *Howell*, 2017-Ohio-6881, 94 N.E.3d 1127, entirely defeats the intent of H.B.292. Ford's assertion is misplaced.

> The key provisions of H.B. 292 are codified in R.C. 2307.91 to 2307.98. Among other things, these provisions require a plaintiff bringing an asbestos claim to make a prima facie showing that the exposed person has a physical impairment resulting from a medical condition, and that the person's exposure to asbestos was a substantial contributing factor to the medical condition. *See* R.C. 2307.92(B)-(D) and 2307.93(A)(1).

*Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, 864 N.E.2d 682, ¶ 5 (12th Dist.).

{¶ 23} The Zajac Report II cites exposure to asbestos as a substantial contributing factor. In light of the court's decisions in *Ackison*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, and *Renfrow*, and this court's decisions in *Holston,* 8th Dist. Cuyahoga No. 93616, 2010-Ohio-2482, and *Howell*, we find that the trial court did not err in its reliance on *Howell* when it granted the appellees' motion to reinstate their case to the active docket.

{¶ 24} Therefore, Ford's first assignment of error is overruled.

## III.    Prima Facie Case

### A.    Standard of Review

{¶ 25} The trial court ruled that the appellees' prima facie evidence was sufficient to satisfy statutory requirements to reinstate their case. A trial court applies a summary judgment standard in assessing the sufficiency of a R.C. 2307.92 prima facie evidence showing under R.C. 2307.93:

> Upon a challenge to the adequacy of the prima facie evidence of the exposed person's physical impairment, R.C. 2307.93(B) directs a court to resolve the issue whether a plaintiff has made a prima facie showing required by R.C. 2307.92(B), [2307.92](C), or [2307.92](D) by applying the standard for resolving a motion for summary judgment. Pursuant to R.C. 2307.93(C), a court "shall administratively dismiss" the plaintiff's claim without prejudice upon a finding of failure to make the prima facie showing required by R.C. 2307.92(B), [2307.92](C), or [2307.92](D). However, R.C. 2307.93(C) requires a court to maintain its jurisdiction over any case that is administratively dismissed and permits the plaintiff to reinstate the case if the plaintiff makes a prima facie showing that meets the minimum requirements specified in R.C. 2307.92(B), [2307.92](C) or [2307.92](D).

*Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, at ¶ 17.

{¶ 26} Our review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

> Summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue of material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, ¶ 12, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 738 N.E.2d 1243 (2000).

*Bland v. Ajax Magnethermic Corp.*, 8th Dist. Cuyahoga No. 95249, 2011-Ohio-1247, ¶ 7.

**B.    Law and Analysis**

**{¶ 27}** Ford contends that the appellees' evidence was not sufficient to satisfy the requirements of R.C. 2307.92(C) and 2307.92(D) because the appellees failed to provide an opinion from a competent medical authority that, but for Stewart's exposure to asbestos, the lung cancer and death would not have occurred.   Ford argues that the 2019 Zajac Report II is insufficient to satisfy the requirements of the statute because Dr. Zajac's opinions do not provide the degree of confidence required under Ohio law, and also Dr. Zajac does not state that but for Stewart's asbestos exposure, his lung cancer and death would not have occurred.

**{¶ 28}** Ford cites *Rossi v. Conrail*, 8th Dist. Cuyahoga No. 94628, 2010-Ohio-5788, to support its contention that a medical authority's opinion that asbestos exposure *may have* played a role in the development of a person's lung cancer is not sufficient to satisfy the requirements of the statute.   In *Rossi*, the medical doctor submitted a report stating,

> Robert Rossi, deceased, was a patient for many years.  He died of lung cancer on 04/16/2009.  He gave a history of asbestos exposure during his working career.  Asbestos is a known carcinogen and exposure to asbestos increases one's risk of developing cancer during his lifetime. I believe that this exposure may have played a role in the development of his lung cancer.

*Id.* at ¶ 5.

{¶ 29} The court in *Rossi* held that, "[t]he doctor's belief that Robert's asbestos exposure 'may have' played a role in the development of his lung cancer does not state an opinion to a reasonable degree of medical certainty." *Id.* at ¶ 6. The facts in *Rossi* differ from the facts in the instant case. In this case, Stewart's doctor *did* submit a report stating that asbestos exposure was a predominate cause of him developing lung cancer and that, but for this exposure and smoking, he would not have developed lung cancer. The trial court's decision is not in conflict with this court's decision in *Rossi.*

{¶ 30} The trial court determined that the appellees' evidence was sufficient to reinstate the case to the active docket, congruent with R.C. 2307.92. R.C. 2307.92(C)(1) prescribes the prima facie showing required of smokers pursuing asbestos claims in Ohio:

> No person shall bring or maintain a tort action alleging an asbestos claim based upon lung cancer of an exposed person who is a smoker, in the absence of a prima-facie showing, in the manner described in division (A) of section 2307.93 of the Revised Code, that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. That prima-facie showing shall include all of the following minimum requirements:
>
> (a) A diagnosis by a competent medical authority that the exposed person has primary lung cancer and that exposure to asbestos is a substantial contributing factor to that cancer;
>
> (b) Evidence that is sufficient to demonstrate that at least ten years have elapsed from the date of the exposed person's first exposure to asbestos until the date of diagnosis of the exposed person's primary lung cancer. The ten-year latency period described in this division is

a rebuttable presumption, and the plaintiff has the burden of proof to rebut the presumption.

(c) Either of the following:

(i) Evidence of the exposed person's substantial occupational exposure to asbestos;

(ii) Evidence of the exposed person's exposure to asbestos at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a scientifically valid retrospective exposure reconstruction conducted by a certified industrial hygienist or certified safety professional based upon all reasonably available quantitative air monitoring data and all other reasonably available information about the exposed person's occupational history and history of exposure to asbestos.

{¶ 31} A "competent medical authority" must be a board certified: (1) pulmonary specialist; (2) pathologist; (3) occupational medicine specialist; (4) oncologist; or (5) internist. R.C. 2307.91(Z)(1). The claimant and doctor must have, or previously have had, a doctor-patient relationship, and the doctor must have actually treated the claimant. R.C. 2307.91(Z)(2). The doctor may not expend more than 25 percent of practice time, or earn more than 25 percent of revenues, serving as an expert or consultant for potential or actual tort actions. R.C. 2307.91(Z)(4).

{¶ 32} The doctor may not rely on any of the following as a basis for diagnosis:

(a) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition in violation of any law, regulation, licensing requirement, or medical code of practice of the state in which that examination, test, or screening was conducted;

(b) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that was conducted without clearly establishing a doctor-patient relationship with the claimant or medical personnel involved in the examination, test, or screening process;

(c) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that required the claimant to agree to retain the legal services of the law firm sponsoring the examination, test, or screening.

R.C. 2307.91(Z)(3)(a)-(c).

{¶ 33} The competent medical authority's supporting evidence must demonstrate that

the exposed person has primary lung cancer, and that the exposure to asbestos is a substantial contributing factor; evidence that there was a latency period of ten or more years since the exposure and the diagnosis of lung cancer; and evidence of either the exposed person's substantial occupational exposure or evidence that the exposure to asbestos was at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a certified industrial hygienist or safety professional.

R.C. 2307.92(C)(1); *Hoover*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, at ¶ 8.

{¶ 34} Dr. Zajac was Stewart's oncologist and treated Stewart for years due to Stewart's lung cancer and, in accordance with the statutes above, satisfies the requirement of a competent medical authority. The medical reports submitted by the appellees demonstrated that Stewart had lung cancer and that asbestos exposure was a substantial contributing factor. Stewart worked as a merchant marine for

Ford from 1970 to 1997, where he was exposed to asbestos. He was diagnosed with lung cancer in 2013, more than 10 years after his last exposure.

{¶ 35} Ford argues that Dr. Zajac does not use the exact wording of the statute. While this court has previously determined that there is no requirement to use magic words mirroring the statutory language of R.C. 2307.91(FF), those words are, in fact, present in Dr. Zajac's report. *See, e.g., Paul v. Consol. Rail Corp.*, 8th Dist. Cuyahoga No. 98716, 2013-Ohio-1038, ¶ 22; *Howell*, 2017-Ohio-6881, 94 N.E.3d 1127, at ¶ 30. Thus, the trial court's decision and our decision in *Howell* are not in contradiction to the Supreme Court's decision in *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173.

> "No new guidance was established by the Ohio Supreme Court in *Renfrow* regarding how courts should interpret the laws governing asbestos litigation." *Turner v. Certainteed Corp.*, 2016-Ohio-7776, 66 N.E.3d 802, ¶ 31. The court "merely reiterated" that establishment of a prima facie case requires that the asbestos litigant provide a diagnosis by a "competent medical authority * * * that the asbestos exposure is a substantial contributing factor." *Id.*

*Howell* at ¶ 28. Therefore, we determine that the report of Dr. Zajac is sufficient to support the prima facie requirements.

{¶ 36} Pursuant to R.C. 2307.93(B), we construe the evidence most strongly in the appellees' favor in determining whether a prima facie case has been established. *Wagner v. Anchor Packing Co.*, 4th Dist. Lawrence No. 05CA47, 2006-Ohio-7097, ¶ 39; *Hoover*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, at ¶ 12. We find that it has.

**{¶ 37}** Ford's second assignment of error is without merit, and we overrule it.

**{¶ 38}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR